# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES KIRBY KING, <br><br> Defendant. | CR-12-49-GF-BMM <br><br> **ORDER** |

Defendant James Kirby King moved for early termination of his supervised release on April 15, 2019. (Doc. 67) The Government opposes the motion. (Doc. 70.) The Court conducted a hearing on April 24, 2019. (Doc. 71.)

King pleaded guilty to Abusive Sexual Contact in violation of 18 U.S.C. §§ 1153 and 2244(a)(2) as charged as Count II of the Indictment on October 2, 2012. (Doc. 34.) The Court sentenced King to a term of imprisonment of 12 months followed by ten years of supervised release on January 8, 2013. (Docs. 46, 47.) King began his period of supervised release on September 20, 2013. (Doc. 50 at 1.)

The United States Probation Office ("USPO") filed a Report on Offender Under Supervision on February 23, 2015. (Doc. 50.) The report alleged that King had violated five conditions of his supervised release. *Id*. at 1-3. The Court agreed

1

with USPO's recommendation that King be allowed to remain on supervision. *Id.* at 3-4.

King moved the Court to modify his conditions of supervised release to allow King to allow for the use of computers and to allow King to possess a camera phone during his period of supervision. (Doc. 55 at 2.) The Court subsequently modified King's original conditions of supervised release on January 9, 2017. (Doc. 60.) The USPO filed a petition to revoke King's supervised release on July 13, 2017. (Doc. 61.) The petition alleged that King had violated his conditions of supervised release by: (1) missing a random urinalysis test, (2) using an unapproved computer device, (3) using an unapproved wireless internet router and an unapproved smart television, (4)using an unapproved cell phone, (5) failing to abide by the policies of his sex offender treatment program, (6) having access to two unapproved iPhones and unapproved Google Chrome Stick, (7) possessing a cell phone with internet capabilities, and (8) failing to complete successfully a sex offender treatment program. *Id.* at 2-5. The Court conducted a hearing on the petition to revoke on July 24, 2018, and on August 27, 2017. (Docs. 64, 66.) The Court dismissed the petition on September 27, 2017. (Doc. 66.)

King has completed approximately fifty-three percent of his ten year term of supervised release. (Doc. 68 at 2.) A defendant, who has successfully completed one year of his supervision, is authorized to move for termination of her supervised

release. 18 U.S.C. §§ 3564(c), 3583(e)(1). The Court has "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Court may terminate a defendant's supervision, if after looking at the 18 U.S.C. § 3553(a) factors, the Court finds that termination is "warranted by the conduct of the defendant and the interests of justice." 18 U.S.C. § 3564(c); *see also* 18 U.S.C. § 3583(e)(1).

The Government opposes King's motion. (Doc. 70.) The Government admits that "King has done well thus far." *Id*. at 7. The Government contends that mere compliance fails to support early termination of King's supervised release. *Id*. The Government argues that this proves especially true in light of King's underlying crime—abusive sexual contact. *Id*. An offense that requires the Court to impose a term of supervised release of at least five years. *Id*. The Government requests that King remain on supervised release. *Id*. at 8.

King's supervision is set to expire on October 19, 2023. (Doc. 68 at 2.) The Court at the April 24, 2019, hearing stated that it would grant King's motion on July 23, 2019, if King remained compliant with his conditions of supervised release until that date. (Doc. 71.) King has complied with his conditions of supervised release since the July 13, 2017, petition. (Doc. 68 at 2.) King maintains employment both as an Uber Eats driver and as consultant to various Indian tribes

regarding grants and contracts. *Id.* at 2-3. The Court finds that early termination of King's supervised release serves the interests of justice.

Accordingly, IT IS ORDERED:

King's Motion for Early Termination of Supervised Release (Doc. 67) is GRANTED. King is DISCHARGED from supervised release.

DATED this 23rd day of July, 2019.

_____
Brian Morris
United States District Court Judge